GLD-247                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2551
_____

IRVING COURTLEY JONES,
                                         Appellant

v.

CITY OF PHILADELPHIA VOTER REGISTRATION;
COMMONWEALTH OF PENNSYLVANIA OFFICE OF
ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-12-cv-02331)
District Judge:  Honorable J. William Ditter, Jr.
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 2, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: August 29, 2012)
_____

OPINION
_____

PER CURIAM

Irving C. Jones appeals, pro se, from the District Court's order dismissing his complaint and amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, we will affirm.

I.

Jones alleged in his complaint that he was denied the right to vote in Pennsylvania's April 2012 primary election. Jones is a member of the Communist Party, which Jones conceded does not utilize primary elections to select its nominees for general elections. Accordingly, in a primary election like the one in April, Jones only voted on bond issues and ballot questions. There were no such bond issues or ballot questions on the April 2012 ballot. Nonetheless, Jones went to his local polling place intending to cast a vote affirmatively signifying that he supported no candidate of the two major parties. The officials at the polling place attempted to set up a voting machine to record Jones's "non-vote," but they were unable to do so. The officials then considered whether to allow him to cast a paper ballot. However, after speaking with someone in technical support, they ultimately did not permit him to cast a vote.

Jones sought an order requiring the Commonwealth to provide a way for "non votes" such as his to be registered. In the alternative, he sought an order requiring Pennsylvania to conduct open primaries. He also requested an end to Pennsylvania's voter identification law, which he described as "unnecessary and intimidating."

After granting Jones's motion to proceed *in forma pauperis*, the District Court screened his complaint for legal sufficiency and dismissed it under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. Jones timely appealed.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6). See id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

We agree with the District Court that Jones failed to state a claim based on the alleged denial of his right to vote in the April 2012 primary election.[1] Jones is not a

---

[1] Jones invoked the Voting Rights Act and the 15th Amendment as the basis for his lawsuit. Section 2 of the Voting Rights Act, which was enacted pursuant to the enforcement powers of the 15th Amendment, prohibits denial or abridgement of the right to vote "on account of race or color" or on the basis that a person is a "member of a language minority group" 42 U.S.C. §§ 1973(a), 1973b(f)(2); see also Ortiz v. City of Phila. Office of City Comm'rs Voter Registration Div., 28 F.3d 306, 309 (3d Cir. 1994). Although Jones stated that he is African American, he has not alleged that he was denied

member of a political party that selects its nominees by primary election in Pennsylvania.[2] He contends that he is nonetheless entitled to vote in the primary elections that select the candidates for other parties. This view has been consistently rejected by the Supreme Court, which has concluded that "nonparty members' keen desire to participate in selection of the party's nominee . . . 'is overborne by the countervailing and legitimate right of the party to determine its own membership qualifications.'" Cal. Democratic Party v. Jones, 530 U.S. 567, 583-84 (2000) (quoting Tashjian v. Republican Party of Conn., 479 U.S. 208, 216 n.6 (1986)); see also Clingman v. Beaver, 544 U.S. 581, 592-97 (2005).

Of course, Jones does not actually want to help another political party select its nominees for the general election. Rather, he desires to have the right to register a protest vote conveying that he "did not wish to vote for any candidate of either party." However, as the District Court correctly observed, the function of the election is to winnow out

the right to vote based on his race. Construing his pro se complaint liberally, the District Court proceeded to analyze his claims as brought under 42 U.S.C. § 1983 to enforce his right to vote or right to political expression under the First and Fourteenth Amendments, and we will do the same.

[2] As we discussed in Rogers v. Corbett, 468 F.3d 188, 190-91 (3d Cir. 2006), Pennsylvania utilizes a two-tiered approach for nominating candidates for general election. Under this system, "major" parties in Pennsylvania—in effect, only the Democratic and Republican parties—nominate their candidates for the general election by way of a primary election, and "minor" parties, other political bodies, and independent candidates place names on the general election ballot by nomination petitions. Id. (citing 25 Pa. Stat. Ann. §§ 2831, 2862, 2872.2 & 2911). Pennsylvania's primary elections are "closed" primaries in that a person who is not a member of a party is not entitled to vote in the primary election of such a party. 25 Pa. Stat. Ann. §§ 2812 & 2832.

candidates, not to provide Jones a forum for expressing his disapproval of the major party candidates. See Burdick v. Takushi, 504 U.S. 428, 438 (1992); see also id. at 441 (rejecting a challenge to a ban on write-in voting as "nothing more than the insistence that the State record, count, and publish individual protests against the election system or the choices presented on the ballot"). Accordingly, we agree with the District Court that Jones has no constitutional right to affirmatively vote for "no candidate" in the party primaries for which he is not a party member.

We also agree that Jones lacks standing to challenge Pennsylvania's voter identification law. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). His complaint indicated that he already possesses state-issued identification. And he has not alleged that he has been or will be denied the right to vote under that law, or that he has otherwise suffered any cognizable injury.[3]

IV.

Accordingly, because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See Third Circuit LAR 27.4 and I.O.P. 10.6

---

[3] We agree with the District Court that further amendment of Jones's complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113, 14 (3d Cir. 2002).

5